McKean, Chief Justice.
 

 The necessity of a liberal extension of the action of account-render between joint partners, is apparent, not only from the nature of the case, but from this circumstance also, that the parties would otherwise be destitute of any means to arrive at justice; for the action on the case, though beneficially construed in modern practice, would certainly be inadequate; and we have no court of chancery to interpose an equitable jurisdiction. The action of account has, we know, been almost .j . disused in England for a century *past; but this is owing to the •* greater facility of obtaining settlements in the court of chancery, by a reference to the masters; and there are many cases in the books which point out the expediency and propriety of the interference of that court. If, indeed, it had not assumed a competent jurisdiction in this respect, I am persuaded, that, in order to accomplish justice, the court of King’s Bench would have done what we are now obliged to do. For it is the duty of judges to see the laws faithfully administered, and to promote the proper means for obtaining that end.
 

 Hence it is, that here, in an action of account-render between partners, if these facts are proved — that a partnership existed; that the defendant was the acting partner; and that he received any part of the sum, from any of the persons mentioned in the declaration — we shall uniformly oblige him to render an account of his transactions. It would be hard, indeed, if, while the books and documents remain in the hands of the defendant, the plaintiff were bound to state in his declaration every receipt in which he was interested, and to be condemned to lose, under such circumstances, his portion of every credit he omitted to insert, in the course of a mercantile transaction, consisting, perhaps, of ten thousand items.
 

 It should be observed, likewise, that there is a distinction in the general law as to bailiffs and receivers ; the former being entitled to reasonable ex
 
 *357
 
 penses, which the latter cannot recover. This distinction, however, does not apply to the case of partners in trade ; for one partner, though charged as a receiver, is entitled to every just allowance against the other.
 

 Nor does the verdict of the jury affect the principles of the settlement; for, suppose, I engage in trade with another man, and pay into his hands 1000i.,.as my share of the stock ; if, afterwards, I bring an action of account-render against him, and the jury find the receipt of this money ; such finding does not surely fix the sum for which he shall be responsible to me, but the auditors will, nevertheless, on the one hand, allow me a proportion of any profits which have been accumulated ; or, on the other hand, charge me with a proportion of any losses or expenses that may have happened in our joint negotiations. Co. Litt. 172, § 25 9.
 
 (a)
 

 (a)
 

 See Griffith v. Willing, 3 Binn. 317; Irvine v. Hanlon, 10 S. & R. 220; Whelen v. Watmough, 15 Id. 153; Gratz v. Phillips, 5 Binn; 568; Crousillat v. McCall, 5 Id. 483; s. c. 3 S. & R. 7.