Bronson, J.
At the common law, the action of account lies against guardians in socage, bailiffs and receivers; and. in *61 favor of trade, by one merchant against another. By statute, it lies against a joint tenant or tenant in common of real estate for receiving more than his just share or proportion. (1 R. S. 750, § 9.) This statute also gives an action of assumpsit for money had and received. The older statutes from which this revision was taken, required that the defendant should be charged as bailiff. (1 R. L. of 1813, p. 90.)
When the defendant is charged as bailiff, the declaration specifies the particular goods of which he had the care and management; and when the action is brought by one joint tenant or tenant in common against another, the declaration states the relationship between the parties, and alleges that the defendant received more than his just share and proportion. (Hackwell v. Eustman, Cro. Jac. 410 ; Baxter v. Hozier, 5 Bing. N. C. 288 ; Jordan v. Wilkins, 2 Wash. C. C. R. 482 ; Godfrey v. Saunders, 3 Wils. 73 ; Tawdin v. Lavie, 1 Lil. Mod. Ent. 13 ; 1 Went. Pl. 81—9 ; 3 Chit. Pl. 1297 ; and see Wheeler v. Horne, 1 Wittes’ R. 208.) When the defendant is charged as receptor denariorum, although the writ is general, the count must be special, stating by whose hands the money was received. (Co. Litt. 126, (a) ; F. N. B. 118, F. ; Burdet v. Thrule, 2 Lev. 126 ; Herne’s Pleader, 11, 13 ; 1 Mod. Ent. 48, 49 ; 1 Lil. Ab. 20, 22; Viner’s Ah., “Account ,” (W.) and (K.); Com. Big., “Accompt,” (A. 4,) and (E. 2) ; James v. Browne, 1 Dall. 339 ; Jordan v. Wilkins, 2 Wash. C. C. R. 482 ; Butter’s N. P. 217 ; Walker v. Holyday, Com. R. 272 ; Andrews v. Thornton, 1 Lil. Mod. Ent. 12.) But there is said to be an exception to this rule, when the action is between partners. (See per Powell, J. in Bishop v. Eagle, 11 Mod. 186.)
The first count in this declaration charges the defendant as receiver generally, and it is bad for not stating by whose hands the money was received. The second count is bad for the same cause.. Although it alleges that the defendant received the money as partner, it is not framed in accordance with any precedent I have met with in the action of account between *62 partners. The third count charges the defendant as bailiff, without either specifying the kind or quantity of goods, or alleging that the defendant received more than his share or proportion. If the plaintiff intended to proceed as at the common law, it seems that the defendant should have been charged as receiver. Lord Coke says : “If two joint merchants occupy their stock, goods and merchandizes in common, to their common profit, one of them, naming himself a merchant, shall have an account against the other, naming him a merchant, and shall charge him as receptor denariorumf &c. (Co. Litt. 172, (a).) And to the same effect is F. N. B. 117, D, where the form of the writ is given. But if the defendant may be charged as bailiff, the count is defective for not giving a more particular description of the goods.
The counts are in other respects informal, but I do not think it necessary to pursue the subject further. All the books agree, that this is one of the most difficult, dilatory and expensive actions that ever existed, and it has long since given place to other remedies. In this state, it does not appear that more than one action of account was ever brought before—(Jacobs v. Fountain, 19 Wend. 121)—and the present experiment will probably be the last. In England, the action seems not to have been brought more than a dozen times within the last two centuries, and in most of the cases the difficulty has been about the form of the remedy, rather than the rights of the parties. One of the last cases which I have noticed in the English books was brought in 1768, and ended in 1770. (Godfrey v. Saunders, 3 Wils. 73.) But it is worthy of remark, that the account was never taken. The casé was decided on demurrer to a plea before the auditors. Ch. J. Wilmot said he was glad to see the action of account revived; but at the same time told the counsel, the court was in “ some doubt how the judgment must be entered, and about the damages and he recommended expedition, as the plaintiff was very old, and the cause had been depending (in chancery and at law) fourteen years, and it was high time it should be ended. The coungel *63 took until the next term to find out what judgment should be entered, and whether they were right at the last does not appear. There have been three cases since that time. In Smith v. Smith, (2 Chit. R. 10,) and Archer v. Prichard, (3 Dowl, Ryl. 596,) the question was upon the selection of auditors. Whether the suits ever came to an end, does not appear. In Baxter v. Hozier, (5 Bing. N. C. 288,) the parties got through with the action, but it was by the aid of compromise and arbitration. The elementary books upon partnership agree, that the action of account has fallen into disuse. (1 Mont. 55 ; Cary, 70 ; Gow, 69.) Collyer and Story do not, I believe, so much as mention the action." In some of the states, the action is in use in a modified form, to supply the defect in their system from the want of a court of equity. In this state there is no such reason for attempting to revive and remould a remedy which was always difficult, and has now become obsolete ; and if parties choose, to bring account, they must take the action as it was left by the ancients, subject only to such alterations as have been made by the legislature. In 1830, the prevailing passion for change transformed the auditors into referees, and made some other alterations in the old law on this subject; but whether for the better or the worse, yet remains to be seen. (2 R. S. 385, § 49—53.) Since that time an effort has been made to revive the action of account—(Yates’ Plead. 119)— but it seems not to have been attended with much success. The defendant is entitled to judgment.
Cowen, J.
The first count is correct in principle. But there is some difficulty at this day in saying so much as to the second and third ; and all will, I apprehend, be found deficient in point of form.
In the second and third counts, the intestate’s estate is sought to be charged on the ground that he was the partner of the plaintiff. In the second count, the intestate is treated therefore as receiver—in the third, as bailiff.
It was denied in the Year-Book, (11 H. 4,fol. 79,) that *64 where two merchants have goods in common, the one can bring account against the other ; and Rolle adopts the remark as law. (1 Rollers Air. 118, ''Account," E.) He was probably right as to the strict common law rule; for it will be seen both by Co. litt. 172, a, and F, Jf. B. 267, B, that the action is expressly referred, both in principle and the form of the writ, to the law merchant. This is indeed a part of the common law; and it may in that sense be said that account lies between partners at the common law. (Vid. Tilghman, C. J. in Griffith v. Willing, 3 Binn. 319 ; Com. Dig. “Accompt, (B).)
The action as between partners, I apprehend, stands, in this state, within the limits prescribed by the common law. It may be conceded that it is sustainable to the extent of those limits in their enlarged commercial sense ; though even to that extent it is obsolete in practice. Professor Wooddeson says, that the action of account for any cause is now (A. D. 1780) very rare. He mentions the more usual cases in which it will lie; but omits it entirely as between partners. (3 Wooddes. Lect. 83.) Cary says, the action between partners has fallen into total disuse, (Cary on Partn. 70 ;) and Abbott, C. J. said, in Bovill v. Hammond, (6 Barn. Sr Cress. 149,) that in general the action would not lie. Watson remarks, that it wall lie in some cases. (Watson on Partn. 228, Am. ed. of 1795 ; see Smith on Mercantile Law, 17.) In Neal v. Keel’s ex’rs, (4 Monroe, 162, 163,) Bibb, C. J. said, u this antiquated action at common law has been supplanted by the more beneficial powers of a court of equity.”
It has been thought that the stat., 4 Anne, ch. 16, § 27, giving the action of account between joint tenants and tenants in common, extends to joint and common owners of personal property. (Tilghman, C. J. in Griffith v. Willing, 3 Binn. 319, 320 ; 1 Wentw. Pl. 89.) If that were so, and our own statute, (1 R. S. 741, 2d ed. § 9,) should be taken in the same sense, and the second and third counts of the declaration in question be referred to the statute, they would be deficient in not alleging, conformably to the words both of the 4 Anne and *65 our own statute, that the defendant had received more than his just proportion. (Wheeler v. Horne, Willes, 209 ; Duncan, J. in Irvine v. Hanlin, 10 Serg. Sp Rawle, 220, 1.) Whatever may be said, however, of our former revisions of the statute of Anne, it is quite doubtful whether the present statute, which is placed by the revising legislature in connection with enactments pertaining to real estate, can be understood to comprehend personal property. But for want of averring an excess of proportion, the second and third counts, if sustainable at all, must be referred to the common lawn The only statute having with us any application to either count of the declaration, is that which gives a right to the action of account by or against executors or administrators in those cases where it would lie by or against their respective testators or intestates. (2 R. S. 50,51,2d ed. § 2,3.) This statute does no more than to clear the way against the defendant as a party, provided her intestate might have been charged in the form of declaring now adopted.
Admitting that the action will lie between partners at this day in some special cases, they seem to be very few, and still more few in which the action can be made practically useful. Co. Lili. 172, a, confines it to the case of two joint mercantile partners. In which case, he says, one may charge the other in this action, the plaintiff naming himself merchant, and also naming the defendant merchant; and charging him as receiver of the moneys of the plaintiff, from whatever cause or contract coming to the common profit of the parties as by the law of merchants the plaintiff may show the defendant ought to render, &c. So, per legem mercatoriam, an action of account lay at common law for executors. (2 Inst. 404.) The restrictions by which the action is thus confined have sometimes been followed quite literally. In Beach v. Hotchkiss, (2 Conn. Rep. 423, 429, 430,) it was holden not to lie where there are more than two partners. This, however, was denied by Duncan, J. in Whelen v. Watmough, (15 Serg. & Rawle, 153,156.) Pennsylvania having no court of chancery, the courts there *66 give every possible countenance to this remedy. (James v. Browne, 1 Dall. 339.) But, with us, where the court of chancery is open to a much better remedy, there is no reason for giving Coke’s words a liberal construction. (Vid. per Washington, J. in 2 Wash. C. C. R. 482,4.) Another restriction is, that the defendant must be charged as receiver; and the precedents for charging a receiver must be followed. In Thouron v. Paul, (6 Whart. Rep. 615, 621,) Kennedy, J. in a very learned opinion, says, “ the receipt of money on joint account appears to be the very gist of the action between merchant and merchant, or copartners in trade.” And according to both Coke and Fitzherbert, the defendant should, in account between mercantile partners, be charged as receiver. Now, nothing is better settled as a general rule than that, in account against a receiver, the declaration must show from whom the money was received. (See Co. Entr. 47, a. and b.; 1 Brownl. Entr. 51.) Here, neither the first count, which is against the defendant’s intestate as receiver generally, nor the second count, charging him as a special receiver, follows the established form in this respect. The precedents, as will be seen by Coke’s and Brown-low’s Entries and other books, are very specific in showing the hands of the person by or through which the moneys were received. Bull. N. P. 127, renders as the reason, that if it were by the hands of the plaintiff, the defendant may wage his law; aliter if it were by another’s hands. But this does not appear to be the only reason. Wholly to omit the person from whom the money was received would, I apprehend, independently of that reason, have been holden too uncertain. The case cited by Bullér is reported in 3 Keb. 425, (Jaggard v. Trip.) The reason given by him is not mentioned there. That case is doubtless founded on the Y. B. 43, E. 3, case 11, (Br. Acc. pl. 14, S. C. ; Viner, “ Account,” (W) 2, S. C.z ;) and no such reason is there given- The case is wrongly cited in Keb. as 45 E. 3. In 46 E. 3,fol. 3, case 6, the reason given by Buller is thrown Out arguendo, but the decision seems to have turned on the ground of .general uncertainty ; and is sta *67 ted as so turning by Brooke’s Abr. pl. 472, (pl. 469 in ed. of 1576.) (See Viner, “ Account,” (W.) S. C. in margin, which is a translation of Brooke.) In Bishop v. Eagle, (11 Mod. 186,) the allegation was, of receipts by the hands of the parishioners, so that no difficulty could be made on the form of the issue, as whether to the country or by wager of law. Powell, J. adverted to this distinction as important, but thought the allegation not sufficiently certain. I collect from several of the cases cited, that something was required over and above what would satisfy the reason given by Buller. Although wager of law, therefore, be abolished in this state, the entire reason for adhering to the ancient form does not appear to be gone. Dane, in his Abr., tit. “Account,” (vol. 1, p. 164, pl. 4,) says, the hands must be stated, so that the defendant may know in season the nature of the charge, and how to defend against it. In Jordan v. Wilkins, (2 Wash. C. C Rep. 482,) Washington, J. thought the person from whom received so material, that he must be named in the declaration and shown in the proof; and this too in account between mercantile partners. But if the principle were doubtful, it by no means follows that because the reason for a rule in pleading may be obscure, it should be abandoned, any more than other legal rules, many of which are open to the same objection. It is impossible to say that any of the old forms of pleading peculiar to the declaration in account can be safely dispensed with. No one will deny that the distinctive features of the action should be preserved in declaring, at least so far as to distinguish it from assumpsit for money had and received where the defendant is charged as a receiver, or special assumpsit against a bailee where it is intended to fix him with the character of bailiff. The pleadings on the part of the defendant are entirely different in the one action from the other. In account he may take issue on the character in which he is sought to be charged. Never receiver, or never bailiff, is a good plea in bar; a denial of the particular hands stated is said to be so ; (Viner, “Account,” (Y) 3 ;) and either shall be tried by a jury. So of various *68 other pleas unknown in assumpsit. (See enumeration in 1 Mallory’s Entr. 67.) If found against the defendant, or he suffer default, the judgment is quod computet; but the jury cannot take the account. The judgment is but interlocutory,’ and the cause goes to auditors, before whom a new course of pleading might be taken up at common law, which, with other proceedings before them, involved much curious learning. (Id. 68.) Our statute, it is true, has changed their name to referees, and required them to proceed in the same manner as referees in other cases. (2 R. S. 306, 7, 2d ed.) What effect thig may have upon the rights of the parties, is entirely problematical; and no one can say that it either calls for greater countenance to the action than formerly, or above all, that it should be received as working a dispensation of any forms which have heretofore preceded the judgment quod computet.
In the third count of the declaration in question the goods are not described. Supposing that one partner may, under certain circumstances, charge another as bailiff in respect to the goods and moneys of the firm, yet the precedents of declarations against bailiffs are precise in describing the goods • as much so as in trover or trespass. There are two precedents coming near the case aimed at by this third count in 1 Brovml. Ent. '51, 2. The first is, that the aforesaid W. on, See. at, &c. was bailiff of him the said E. (plaintiff,) of 16 cart loads of wheat of the price of ¿620, to the common profit, Sec. in the custody of him the said W., being out of the delivery of the said E.; and having the care and administration of the aforesaid 16 cart loads of wheat, to render his reasonable account, Sec. The other is in the same form, leaving the description blank. These precedents were followed in the late case of Baxter v. Hozier, (5 Bing. N. C. 288.) In the case at bar, the count is general. It does not describe the goods, nor give the amount of moneys alleged to have been held by the intestate as bailiff. The omission to name the hands by -which received, in the first and second counts, and to describe the goods, &c. in the *69 third, are, I apprehend, at least defects of form; and they are pointed out by the special demurrer.
The precedents are, I admit, sometimes quite as indefinite as this declaration. Some instances occur where the action is against the general bailiff and receiver of real estate, (Co. Entr.fol. 47, a, contra,) or against a public bailiff, as of a hundred, or liberty. (Vid. Lit. Entr. 13; 1 Brownl. Entr. 52.) But such cases are exceptions to the general course of the precedents. It was said by Powell, J., in Bishop v. Eagle, that particulars need not be set out in account between merchants; but he cited no authority, and the remark was obiter. A similar doctrine was thrown out at one stage of James v. Browne, (1 Dali. 339;) but the court went mainly on the necessity of facilitating actions of account between merchants, because there was a want of chancery jurisdiction in the Pennsylvania system. Washington, J. did not, however, consider that case on the whole as detracting from the materiality of showing the precise hands from which received, both in the declaration and proof. (Jordan v. Wilkins, 2 Wash. C. C. Rep. 484.) Both these cases were, I presume, entirely clear of the argument I have noticed as arising from different modes of trial; and in both, the court had reference to the action of account between merchants.
In the action of debt on bond, wager of law never was allowed. (3 Black. Com. 345.) Yet in debt on a bond conditioned that a clerk in the distillery business should not embezzle or misspend any moneys which should come to his hands in the course of his employment, it was held uncertain to allege, as a breach, that on, &c. 13Z.14s,.9M. came to his hands, &c. on account of the plaintiff, which he on the same day misspent. Lord Mansfield said,“ the breach must be particularly assigned. If the money was taken out of the till, that should have been alleged.” One objection was, that the plaintiff did not show from whom the money was received, and the reporter understood the court as holding that the plaintiff was bound to show how or from whom the money was received. (Jones v. Williams, Doug. *70 214.) I admit the strictness here required has been relaxed by more- modern cases in debt and covenant. (Vid. Wilcox v. Nicholls, 1 Price, 109, and the cases there cited.) But there is no reason for allowing a like relaxation in the action of account.
I desire not to be understood as conceding that this action will lie at all, either between partners who are not merchants, or joint tenants or tenants in common of personal property, as such. On the contrary, where it goes on partnership, I appre hend the plaintiff must aver that both himself and the defendant were partners as merchants, in such terms as to show that the case is within the law of merchants. (Vid. James v. Browne, 1 Dall. 339.) I admit the action may then be sustained against the defendant as receiver, where the firm consists of two persons only ; and, if you please, without referring in terms to the law merchant. I incline to think that the second count is defective in not 'averring that the parties were merchants with regard to the business whereof an account is sought j though there are words which might be insisted on as equivalent to such an averment.
As to joint tenants and tenants in common of goods, I apprehend that no action of account will lie between them, merely as such, where they occupy the goods in common, nor in case of separate occupation by the defendant, unless the plaintiff appoint him bailiff of his moiety of the goods. Such was clearly the case as to lands, at the common law. (Co. Litt. 171, a. ; Wheeler v. Horne, Willes, 209.) The statute, 4 Anne, ch. 16, § 27, was passed to remedy this defect. (Vid. Hargr., note 34, to Co. Litt. 171, a.) And the books all concur, that in cases of joint tenants and tenants in common of personal property, though one take to himself the exclusive occupation, the only legal remedy for the other is to watch his opportunity and take it in his turn. (Co. Litt. 199, b. ; St. John v. Standring, 2 John. R. 468.) In such case, I have already supposed that there is not any remedy by statute in this state. Yet there can be no doubt that, by agreement, one joint tenant .or tenant *71 in common may become the bailiff of the other, and be therefore chargeable as such in the action of account. A partner too who is not a merchant, may doubtless be made accountable in the same way, for he is a joint tenant of the goods which belong to the copartners. The defendant however is, in either case, not made to account as joint tenant, tenant in common or partner, but in respect to the particular agreement by which he holds the moiety of his companion as his bailiff. (Vid. F. N. B. 118, I, and note (f).) The precedents seem to countenance the action of one partner against another as bailiff. I mentioned 1 Brownl. Entr. 51, 2. The precedents there aver that the defendant was bailiff of certain goods to the common profit of the parties, the defendant having the custody or the care or administration of the goods. Hackwell v. Eustman, (Cro. Jac. 410,) is a like case, the declaration being in a somewhat different form. To the like effect is the form in Baxter v. Hozier, (5 Bing. N. C. 288.) These and the like precedents and cases are, I apprehend, more properly referable to the agreement of the parties express or implied that one shall hold the exclusive care and custody as bailiff of the other, than to the mere relation of joint tenants, tenants in common or partners. None of them appear to make out a complete case for the action between partners as such, in the terms required by Coke and Fitzherbert.
The Chief Justice concurred.
Judgment for the defendant.