## Cox's Administrator *versus* Henry.

After a judgment has been removed to the Supreme Court, by writ of error, and here reversed, no further proceedings can be had in the court below, until the record is actually returned thither; for until then, the case is not properly before it.

Where a defendant, after an appeal from an award of arbitrators, by writing filed of record, tenders the plaintiff a judgment for a certain amount, which is disregarded; and the parties go to trial, when the plaintiff recovers a verdict and judgment for a larger sum; and the judgment is reversed on error; the plaintiff cannot, after the cause is remitted to the court below, elect to accept the tender so made and refused.

ERROR to the Common Pleas of *Somerset county*.

This was an action of covenant by William Henry against the administrators of Joshua F. Cox, deceased, to recover damages for the breach of the warranty contained in a deed from Joshua F. Cox and wife to William Henry, the plaintiff, dated the 14th December 1839, for a tract of land in Somerset county.

The cause was arbitrated, and on the 21st January 1857, there was an award in favour of the plaintiff for $2370.60, from which the defendants appealed. On the 20th February 1857, the defendants tendered the plaintiff a judgment for $450, which offer was entered of record. The plaintiff did not accept the tender of judgment, but went on to trial, and recovered a verdict and judgment for $1831.11. The defendants, thereupon, removed the case to the Supreme Court; where the judgment was reversed on the 9th November 1857: see 8 *Casey* 21.

The plaintiff did not take a *remittitur;* but procured a certified copy of the opinion of the Supreme Court, and on the 25th November 1857, without notice to the defendants, entered upon the record of the court below an acceptance of the tender of judgment made on the 20th February 1857.

The defendants, thereupon, obtained a rule to show cause why the acceptance of tender should not be stricken off. This rule was not disposed of until the 17th May 1859, when the rule was discharged; and in the mean time the original defendants had been discharged, and W. F. Fundenburg, the administrator *de bonis non*, substituted, who removed the cause to this court, and here assigned the discharging of the said rule for error.

*Forward & Gaither*, for the plaintiff in error.—It has heretofore been considered, that a party to a suit might, at any time, offer terms of compromise to his adversary, without being held to it as an acknowledgment of indebtedness. This seems, for the first time, to have been doubted, in the present case. This action was brought;

[Cox's Administrator *v.* Henry.]

an affidavit of defence put in to the whole claim; there was an award against the defendants, and an appeal from it. After this, the defendants filed their plea, notifying the plaintiff of their intended defence; and four days afterwards, they made him a tender of judgment, which, if accepted, would have put an end to the controversy. But it was not accepted. The plaintiff, instead, went on to trial in the court below, and afterwards in the Supreme Court; and having experimented until he discovered that the offer made by the defendants was even better than he could now hope to obtain, he asks that the defendants may be held to their offer of compromise, although months have elapsed, and they have been to the expense and trouble of trying the case before two different tribunals, to save which was the chief cause of their offer for peace.

*Baer* and *Hugus,* for the defendant in error.

The opinion of the court was delivered by .

Lowrie, C. J.—We must set aside this judgment, because the case was not properly before the court below, the record of it having been removed to this court in 1857, and not being actually taken back. But without this, the court was in error in entering the judgment. If the offer of judgment had been made under the Act of 21st March 1806, § 5, and the law there set out be still in force, we suppose that the defendant might have been held to his offer, unless he had asked and obtained leave of the court to withdraw it. But the offer is not under that act, but was entirely voluntary and gratuitous, and the plaintiff did not accept it until after he had tried his chance for more in the court below, and in this court. This was equivalent to a proposal rejected, or at least not accepted in proper time. It required to be renewed or continued, in order to entitle the plaintiff to bind the defendant by accepting it. The defendant refused to continue it by opposing the motion for judgment on it, and none ought to have been entered. The plaintiff must take back the record brought up here on the former writ of error before he can proceed.

Judgment reversed, a *procedendo* awarded, and record remitted.