*Alricks, for defendant.*

--------

*Court of  Common Pleas, Dauphin County, May 29th,* 1863.

### DEMMY *v.* DOUGHERTY.

An action of account render cannot be brought by one partner against another unless it can be proved that money belonging to the firm came into the hands of the defendant.

BY THE COURT.—A new trial has been asked for in the present case on account of misdirection.   The court instructed the jury that if a partnership was proved to have existed between the plaintiff, the defendant, and Mr. Seiler, and the accounts remained open and unsettled, the plaintiff was entitled to a judgment *quod computet* without proof that any money came into the hands of the defendant from any person whatever; and although common, it was not necessary to name any person in the narr through whom it was paid; and if laid, need not be proved. Was this instruction correct?   We were aware, at the time, that this was going a step beyond James *v.* Brown (1 Dall. 339); where McKean, C. J., says that the action should be liberally construed in this State, where we have no court of chancery;

[Demmy v. Dougherty.]

and if a partnership was proved, that the defendant was the act-
ing partner, and received any part of the money from any of the
persons named in the narr, the court would uniformly compel
him to account, not merely as to the moneys proved, but to
settle an account in full. The same declaration as to the neces-
sity of a liberal extension of the action is reiterated by Tilgh-
man, C. J., in Newbold v. Sines (2 S. & R. 321). Judge
Washington, however, nonsuited the plaintiff, who failed to prove
any money received from either of the parties named. Jordan v.
Wilkins (2 W. C. C. R. 482). The subject is most fully and
carefully examined by Judge Kennedy in Thompson v. Paul
(6 Wh. 615), and nearly all of the ancient cases cited; for few
modern ones can be found on the subject out of our own State,
the action having fallen into disuse where they have a court of
chancery. The judge declares that the receipt of money on their
joint account by the defendant is the very *gist* of the action of
account render between merchant and merchant or partners in
trade; and he argues that he never could be called on to account
without proof that some of the money belonging to the partner-
ship came into his hands. The same doctrine is clearly settled by
Lord Coke. In commenting on the statute of III Edward, he
says: " Account will only lie against guardians in socage, bailiffs,
or receivers," and shows that it must be proved that money came
to their hands (2 Just. 379). I could scarcely bring my mind to
believe that where a partnership was proved to have existed by
which each would be entitled to a certain portion of the profits,
the acting partner could not have account against the dormant
partner to compel him to bear his portion of the loss; yet such
appears to be the settled law of Pennsylvania, as decided in
McFadden v. Sallada (6 Barr, 283). Judge Coulter shows that
no such suit will lie; but the remedy, if not provided for in arti-
cles of partnership, must be in chancery. He says the action for
such a purpose is misconceived, and he who resorts to the action
of account render will find it ill-defined in the books. The form
of writ as given in Fitzherbert, N. B., shows that it will lie by
one merchant against another to render a reasonable account for
the time in which he was the *receiver of the money* of the plain-
tiff, *from whatever cause or contract, coming to their common profit*,
joint benefit, etc. So that whether governed by precedent or
authority, it would seem that it must be shown that the defend-
ant received money for their joint benefit, or that goods came into
his hands to be sold for the firm. The action will never lie where
no money or goods have been received, but only a loss incurred;
and there must be some person stated from whom money was
received; or it must be stated that goods belonging to the firm
went into the hands of the partner defendant to sell for their joint
benefit, and that he never accounted for them.

[Matter et ux. *v.* Fetterhoff.]

In the case under consideration, the evidence showed a partnership between Dougherty, Seiler, and Demmy. It was proved that Dougherty furnished the money, but neither bought or sold; that Demmy purchased, and Seiler disposed of the goods. Yet we have required Dougherty to account, without proof that any money or property of the firm came into his hands. This is contrary to the rules of law regulating the action of account render. We are satisfied that we misdirected the jury in a material point, and therefore must order a new trial. We also greatly doubt the sufficiency of the narr, as it does not name any person from whom money was received on joint account; and if it avers, as in Demmy *v.* Seiler, that goods of the firm were received to be sold, it is unsupported by the evidence.

*Rawn, for plaintiff.*

*Simonton, for defendant.*