Richey, Appellant, v. Hathaway et al., Administrators.  149    207
                                                          27 SC 2629

*Assumpsit—Accounts of debtor and creditor for moneys had and received, and laid out and expended.*

Where a decedent received moneys from time to time from the plaintiff and deposited them in his bank account and checked them out on her direction; and the plaintiff received moneys from decedent and paid them out on his direction; and both accounts were in decedent's handwriting in books at the place of business of the plaintiff and open to her inspection, although the balances were not struck; in an action of assumpsit by plaintiff against decedent's administrators to recover balances due her in both accounts, *held*, that she was entitled to recover and was not compelled to resort to account render or a bill in equity: Reeside's Executors v. Reeside, 49 Pa. 322, distinguished.

The business relation between the parties under the above circumstances was simply that of debtor and creditor; and the only work for the jury was to add the debit and credit sides of the account. strike the balances, and include them in a verdict.

Argued Oct. 7, 1891. Appeal, No. 246, Oct. T., 1891, by plaintiff, E. Richey, from judgment of C. P. Greene Co., April T., 1888, No. 151, on verdict for plaintiff and against defendants, Charles Y. Hathaway et al., administrators of John W. Hathaway, deceased. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Assumpsit on book account and for moneys had and received, and laid out and expended.

Under the instructions of the court below by INGHRAM, P. J., the jury rendered a verdict for the plaintiff for so much of the book account as was not barred by the statute of limitations. As to the other items of plaintiff's claim, the court ruled that she could not recover in this action, affirming the following points presented by the defendants :

" 1. Upon the evidence before you, the plaintiff cannot recover in this action the alleged balance of deposits made by Hathaway in the Commercial National Bank of Pittsburgh; and as to that part of the case your finding should therefore be for the defendants.

" 2. Upon the evidence before you the plaintiff cannot recover in this action the payments, or any part thereof, alleged to have been made by her for Hathaway in excess of deposits

made by him with her; and, therefore, as to that branch of her case your finding should be for the defendants."

The other facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1, 2) the affirmance of defendants' points, quoting them; (3, 4) the portions of the charge relating to these points, quoting charge.

*J. B. Donley*, with him *Ray & Axtell*, for appellant.—There is nothing intricate or complicated in either of the accounts; nothing that a jury cannot readily determine; nothing that calls for an action of account render or a resort to the equity side of the court: Gloninger v. Hazard, 42 Pa. 401; Adams Eq., 8th ed. 225; Gillis v. McKinney, 6 W. & S. 80; Smith v. Austin, 4 Brewst. 89.

The accounts were stated accounts: Bispham's Eq., 4th ed. § 485.

The parties to these accounts were simply depositaries or private bankers for each other, and the action of assumpsit lies on both accounts for moneys had and received: Foley v. Hill, 2 H. L. Cases, 39; Barr v. Craig, 2 Dallas, 151; Miller v. Ord, 2 Binn. 382.

Reeside's Executor v. Reeside, 49 Pa. 322, is plainly distinguishable. In our case, the parties did not undertake to transact business for each other with third parties, to pay debts, settle claims, or do anything necessary to establish an agency or create a fiduciary relationship between them. They each undertook, for the other, only to pay out the money deposited with them, and to pay it out in the way and manner, at the times and to the parties the depositor should direct. See the language of AGNEW, J., on page 332.

*A. A. Purman*, with him *George L. Wyly*, for appellees.—The plaintiff could not recover in this case: Reeside's Executor v. Reeside, 49 Pa. 322; Gallagher v. Gallagher, 6 Phila. 528; Amer. Lead. Cas., vol. 2, page 195; Perry on Trusts, vol. 2, § 843.

The accounts were not accounts stated: McLellan v. Crofton, 6 Me. 308; Stebbins v. Niles, 25 Miss. 267; Lockwood v. Thorne, 12 Barb. 487; Spangler v. Springer, 22 Pa. 454; Bussey v. Gant, 10 Humph. 238; Stenton v. Jerome, 54 N. Y. 484; Abbott's Trial Evid. 458; Lockwood v. Thorne, 11 N. Y. 170; Andrews v. Allen, 9 S. & R. 241.

The proper forms of action should not be disregarded : Ozeas v. Johnson, 1 Binn. 193.

OPINION BY Mr. JUSTICE McCOLLUM, May 9, 1892:

This is an action of assumpsit brought to recover the price of goods sold and delivered to John W. Hathaway, the balance on an account for money deposited with him, and the balance on an account for money paid on his order to his use. It was thought by the learned judge of the court below that these balances were not recoverable in this action, but that resort must be had to account render or a bill in equity for their ascertainment and collection, and he instructed the jury accordingly. This is the ruling which the four specifications of error filed in the case require us to review. A brief statement of the controlling facts will materially contribute to a correct understanding of the question raised.

The appellant is a niece of John W. Hathaway, deceased, and in his lifetime was engaged in mercantile business at Carmichaels, in Greene county. He resided at that place and kept an account with a Pittsburgh bank, and, for her convenience, there being no bank at Carmichaels, it was arranged between them that when she wished to make deposits of money, checks and drafts, he should deposit them for her in his own name and to his own account, and when she wanted money to pay for goods, or for any purpose, he should draw checks or purchase drafts in favor of such person or persons as she might designate. In a book kept by him at her store, and called in this case " the long book," he entered all his transactions with the Pittsburgh bank, showing the dates and amounts of his deposits, and for whom they were made ; the dates and amounts of the checks drawn or purchased by him, in whose favor they were drawn, and to whom they were chargeable. In another book kept by him at the same place, and called here " the little bank book," he kept an account with the appellant, which contained and was limited to his deposits for her and his payments from them by her direction. These accounts show a balance in her favor of $1,280.46.

For his convenience he deposited some of his own money with her at the store, and she let him have money from time to time as he required it, and of these transactions a separate ac-

count was kept by him in two blotters belonging to the store. In this account he entered the dates and amounts of his deposits with her and the dates and amounts of her payments of money to or for him, and it shows a balance in her favor of $1,630.86. All the accounts mentioned were in his handwriting, and always open to her inspection at the store where they were kept. They were given in evidence on the trial, and constituted the rejected claims. They showed that the business relation between the parties was simply that of debtor and creditor. Their accuracy was not questioned by either party to the action, and when the evidence was closed the only work for the jury was to add the debtor and creditor sides of the accounts, strike the balances, and include them in a verdict. For this work it was not necessary to resort to a court of equity, or to an action of account render. There was nothing complicated about it, and it was not increased by the fact that separate accounts were kept of the money transactions instead of one account which included all of them. In the fact that they were kept by one party with the knowledge and acquiescence of the other there is a mutual admission of their correctness. We think that the balances which appear on a footing of these accounts may be recovered in this action. Reeside's Executor *v.* Reeside, 49 Pa. 322, is not in conflict with this conclusion.

The specifications of error are sustained.

Judgment reversed, and venire facias de novo awarded.