## Burton, Appellant, *v.* Trainer.

*Equity—Equity jurisdiction—Accounts—Multiplicity of suits—Trusts and trustees.*

Where four persons enter into an agreement with each other to purchase real and personal property at a sale, and to re-sell the same, and one of the number acts as trustee for all parties in the transaction, which results in profit, and it appears that the accounting among the parties is complicated by the fact that there were unequal contributions to the purchase money, although the parties were to share equally in the profits, assumpsit cannot be maintained by one of the parties against the trustee for a share of the profits. In such a case equity is the proper remedy.

Argued Nov. 25, 1904. Appeal, No. 206, Oct. T., 1904, by plaintiff, from judgment of C. P. Del. Co., March T., 1903, No. 166, for defendant non obstante veredicto in case of Edward C. Burton v. T. Woodward Trainer. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON. Affirmed.

Assumpsit to recover a share of the proceeds of a sale of real and personal property. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $876.67, subject to question of law reserved.

The court subsequently entered judgment for defendant non obstante veredicto on the ground that assumpsit was not the proper remedy.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*W. B. Broomall*, for appellant.—The action was well brought: Galbreath v. Moore, 2 Watts, 86; McFadden v. Erwin, 2 Wh. 37; Hamilton v. Hamilton, 18 Pa. 20; Wright v. Cumpsty, 41 Pa. 102; Canfield v. Johnson, 144 Pa. 61; Graham v. Cummings, 208 Pa. 516.

*Joseph H. Hinkson*, for appellee.—The only way in which the plaintiff could have an accounting from the defendant was

by citing him to an account or by a bill in equity for an accounting, to which all the parties concerned could be made parties: Sims v. Willing, 8 S. & R. 103; Shafer & Martin v. Randolph, 99 Pa. 250; Bradly v. Jennings, 201 Pa. 473.

OPINION BY BEAVER, J., April 17, 1905:

Plaintiff sought to recover in assumpsit from defendant, upon an agreement in writing made by and among four different persons representing individual and distinct interests, in and by which it is provided:

" Whereas the said parties of the first, second, third and fourth parts have this day bought from the receiver of D. Trainer & Sons Mfg. Co., bankrupt, certain real estate and personal property:

" And whereas it is the intention and purpose of this agreement that all of the parties hereto shall have the same property and estate in all of the property purchased from said receiver, that is to say, each party shall have one-fourth interest therein:

" Now this agreement witnesseth, that, if the said property shall be sold in whole or in part, the proceeds of said sale shall be equally divided between all the parties hereto; that no disposition of the property, real or personal, shall be made without the consent of all the parties hereto."

The defendant made the purchase on behalf of the parties to this agreement and took title to himself. After the purchase, contribution toward the purchase money was made in unequal proportions, Edward E. Trainer contributing $3,300, J. N. T. Kerr contributing $2,500, the defendant contributing $3,000 and the plaintiff $1,500. Subsequently, contributions toward the purchase money were made by the several parties to the agreement: Edward E. Trainer $5,100, J. N. T. Kerr $4,546.25, the defendant $5,038.76 and the plaintiff $1,500. It thus appears that the plaintiff provided toward this joint transaction $3,000, as against $8,400 contributed by Edward E. Trainer, $7,046.25 by J. N. T. Kerr and $8,038.76 by the defendant. The purchase money of both real and personal estate, bought at the bankrupt sale, aggregated $121,029.96. Other sums were severally contributed by the parties interested in unequal amounts. Certain of the real estate was, after the purchase,

divided among the parties interested and some sold.· After the transaction was practically completed, the plaintiff alleged that the defendant was indebted to him $1,000, being a balance of purchase money remaining in his hands after the debts and expenses incurred upon joint account had been paid, not deducting the payments originally made by the parties on account of purchase money.

The case was tried in the court below and a ·verdict rendered for the plaintiff for $876.67, subject to the point of law reserved : " Has any evidence been submitted to the jury which entitles the plaintiff to recover? " Judgment was subsequently entered upon the point reserved n. o. v. for the defendant on the ground, first,· that the defendant was entitled to deduct from the balance of the proceeds of the transaction the original purchase money contributed by the several parties to the agreement, before any distribution was made, and, secondly, that the action of assumpsit would not lie.   These are the two questions raised by the record.

1. Was assumpsit the proper remedy ?   A brief restatement of the facts will probably answer this question as satisfactorily as may be done in any other way.

(a) The agreement was quadrilateral.   The rights and obligations of four different individuals, representing distinct interests, are involved.   If the plaintiff has the right to sue, why not the other parties, and, if all have the same right, in order to work out the·rights and duties of the parties respectively, we would have three lawsuits instead of one with the possibility of a different judgment in each case.   The law does not favor a multiplicity of suits.

(b) The defendant was a trustee ; he handled the money of the four parties in interest ; he paid all costs and expenses ; he kept the accounts.   Why should he be called upon to pay a specific sum to the defendant without first showing in an account the relation of the several parties to whatever ·balance may remain for distribution after costs and expenses are paid?

(c) Plaintiff's statement alleges a profit in the undertaking of $12,000, of which he has received $2,000.   Assuming this to be correct, does not this fact of itself indicate the necessity for an accounting?   This is emphasized by the fact that the original parties to the enterprise contributed thereto in un-

equal amounts, not only at the time of its inception but subsequently.

(*d*) If the determination of the distribution of the profits was to be fixed by the present action, the other parties to the transaction should have been made parties defendant, otherwise the present defendant would not have been protected by a verdict. The final result, therefore, might have been that the defendant would be compelled to account twice for the amount of the alleged profit.

What was said in Reeside's Exr. v. Reeside, 49 Pa. 382, would seem to apply here: " When the promise, expressed or implied, involves the duty of direct payment to the plaintiff, assumpsit is the proper form of action; as where a co-obligee or co-tenant receives the whole sum to which both are entitled: Gillis v. McKinney, 6 W. & S. 78. But where the duty is not direct, but one of outlay in the performance of a trust or business, which from its nature requires an exhibit of the sums expended, before the direct duty can arise, the legal requirement is to render an account, and assumpsit will not lie till the balance be ascertained. Such is the case of a person transacting the business of a firm or of a bailiff managing an estate: McFadden v. Sallada, 6 Pa. 287; Bredin v. Dwen, 2 Watts, 95. The question is not, as it is sometimes supposed, whether a jury can as conveniently settle the account as auditors, but it adheres to the right of the defendant to render his account before he can be molested by an action to refund. The law will not imply a promise to repay before his liability to refund has been ascertained. The right to render an account and settle exists in the very nature and equity of such a duty as this defendant assumed."

The principle of this case has been recognized in the later cases, some of which are cited by the appellee, in which it is held that assumpsit is the proper remedy where the business relation between the parties was simply that of debtor and creditor, as in Richey v. Hathaway, 149 Pa. 207; or as in Wright v. Cumpsty, 41 Pa. 102, where there was a single transaction and but two parties interested; or as in Canfield v. Johnson, 144 Pa. 61, where the contest was simply over the profits of the erection of a soldiers' monument, in which two different firms were to share and there were no other parties

interested.   In the case of Graham v. Cummings, 208 Pa. 516, there was no necessity for accounting and the amount which each party was entitled to receive was simply a question of mathematical calculation.   In that case it is said, quoting from 2 Beach on Modern Equity Jurisprudence, 902, sec. 839 : " A court of equity's jurisdiction over matters of account is based upon three grounds, namely, the complicated character of the account, the need of a discovery and the existence of a fiduciary or trust relation."   At least two, if not all, of these grounds exist in the present case.

We think the court below was correct in holding that the rights of all the parties to the agreement were involved and that they cannot be properly adjusted in this suit.   The case is one in which the principles and practice of equity would be peculiarly applicable to the working out of the rights of the several parties respectively.

It is objected, however, by the appellant that this question was not reserved.   But this view is somewhat technical.   If there was a misconception as to the form of the action, what was there actually subsisting to which the evidence was relevant ?   If there was no foundation, there could be no superstructure.

2. In this view of the case, it is unnecessary to discuss at length the other question involved therein.

The judgment is affirmed.

MORRISON, J., dissents.