## Shifferstine et al. *v.* Sitler et al., Appellants.

*Practice, C. P. — Summary judgment — Affidavit of defense in nature of demurrer — Allowance of supplemental affidavit of defense — Act of May 14, 1915, P. L. 483.*

Where an affidavit of defense makes no denial of the facts contained in the statement of claim, but simply raises questions of law, the court cannot, on finding the questions of law in favor of the plaintiff, enter a summary judgment in his favor, but must give the defendant an opportunity to file a supplemental affidavit of defense to the averments of facts of the statement, in accordance with the provisions of the Act of May 14, 1915, P. L. 483.

Argued Feb. 19, 1919. Appeal, No. 230, Jan. T., 1919, by defendants, from order of C. P. Schuylkill Co., Sept.

T., 1918, No. 93, entering judgment for plaintiff in case of E. E. Shifferstine, President of the School Board of the School District of the Borough of Tamaqua, now Thomas J. Howells, President of said School Board to use of the School District of Tamaqua Borough, v. C. E. Sitler, Alfred Knepper, John A. Moyer, Charles Graeff, administrators of the estate of Charles Snyder, deceased, Barbara E. Wetterau, executrix of the estate of John Wetterau, deceased, Alfred Knepper. Before STEWART, MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Judgment modified.

Assumpsit against sureties on a bond of a collector of school taxes for $40,000.

The court entered judgment for plaintiff without giving defendant an opportunity to file a supplemental affidavit of defense.

*Error assigned* was the judgment of the court.

*J. O. Ulrich,* for appellant.

*Arthur L. Shay,* for appellee.

OPINION BY MR. JUSTICE KEPHART, March 24, 1919:

The court below directed judgment to be entered for want of a sufficient affidavit of defense and the only question for our consideration is, was it proper to enter a summary judgment under Section 20 of the Act of May 14, 1915, P. L. 483, without permitting the defendant to file a supplemental affidavit. The original affidavit raised only questions of law and there was no effort to answer "the averments of fact in the statement of claim." It challenged the right of the legal plaintiff and his successor to sue, for the reason they did not fill the description recited in the bond. Other purely legal objections were urged, and the court below, in passing on this affidavit, sustained the fourth objection, that Thomas J.

Howells, named as the legal plaintiff, was "improperly introduced, as he is not a party to this action." It permitted an amendment correcting the record, so that the legal plaintiff might be named.

Section 20 of the act reads: "The defendant in the affidavit of defense may raise any question of law, without answering the averments of fact in the statement of claim; and any question of law, so raised, may be set down for hearing, and disposed of by the court. If in the opinion of the court the decision of such question of law disposes of the whole or any part of the claim, the court may enter judgment for the defendant, or make such other order as may be just. If the court shall decide the question of law, so raised, against the defendant, he may file a supplemental affidavit of defense to the averments of fact of the statement within fifteen days."

It was the intention of the legislature to include in the answer legal objections that were formally submitted by way of demurrer. Unlike the former practice an absolute judgment cannot be entered against the defendant, but merely a judgment requiring him to answer over or a judgment of respondeat ouster. There can be no misunderstanding as to the meaning of the section when questions of law alone are raised; the court has no option as to its enforcement, but is obliged to give the defendant the time mentioned within which to file his supplemental affidavit. If it should appear from such affidavit that the sureties did comply with the conditions of the bond, and the manner in which it was done, a defense of fact would be presented which, if proven, would be a complete answer. If they have such defense, an opportunity should be given to present it.

The judgment of the court below is modified and it is ordered that judgment be entered as directed by the court below, unless within fifteen days from the day of the return of this record the defendant shall have filed "a supplemental affidavit of defense to the averments of fact of the statement."