## Hutchinson Baking Co., Appellant, v. Marvel.

*Contract—Sale—Offer to purchase—Acceptance with qualification.*

1. An acceptance of an offer to purchase goods must be unqualified to be effective. If new conditions are added, unless they relate to immaterial matters, or such as are implied in law, no liability is created.

2. Where an offer is made to purchase a definite quantity of condensed milk "government standard," an acceptance "subject to

HUTCHINSON BAKING CO., Appel., *v.* MARVEL. 379

approval of a five barrel sample," which will be shipped at once, does not constitute a complete contract.

3. In such case, the fact that the proposed vendor did not submit the sample is immaterial.

*Practice, C. P.—Statutory demurrer—Affidavit of defense—Argument list—Act of May 14, 1915, P. L. 483.*

4. Where an affidavit of defense is filed under the Act of May 14, 1915, P. L. 483, raising a question of law, in the nature of a demurrer, it is improper practice to enter a rule for judgment for want of a sufficient affidavit of defense. When the affidavit is filed, the case should be ordered on the next argument list, as in the case of a common law demurrer.

Argued March 23, 1921. Appeal, No. 397, Jan. T., 1921, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1920, No. 4981, for defendant on statutory demurrer, in case of Hutchinson Baking Co. v. P. A. Marvel. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the facts.

FINLETTER, J., filed the following judgment:

"October 20, 1920, being of opinion that the defendant's affidavit of defense presents a good defense on the law to the whole of plaintiff's claim, judgment is entered for defendant."

Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*Alfred T. Erdell,* with him *Maurice W. Sloan,* for appellant.

No argument or printed brief for appellee.

380 HUTCHINSON BAKING CO., Appel., *v.* MARVEL.

OPINION BY MR. JUSTICE SADLER, April 25, 1921:

The plaintiff brought this action in assumpsit to recover damages for the breach of a contract of sale. Its right depends on the construction to be placed upon the dealings between the parties as disclosed by the record. An offer was made to purchase at a fixed price "150 barrels of skimmed condensed milk, Government Standard." This proposition was accepted in a letter which stated: "This order subject to approval of a 5-barrel sample, which we will ship at once to you." The vendor failed to forward the sample, and, on request, refused to do so. The plaintiff then purchased like materials in the open market, and now asks that he be indemnified for the loss sustained. In reply, the defendant denies the consummation of the contract, insisting that the minds of the parties had not met upon the quality of the commodity to be delivered, and no liability was therefore created.

If the agreement to sell was qualified, and something further remained to be done before both vendor and vendee obligated themselves, then no contractual relation was established. "One party to a contract is not bound thereby, when it does not bind the other party; when there is no liability there is no obligation": 1 Parsons on Contracts 486; 1 Page on Contracts 452. In the present case, the company was not required to receive the goods unless the sample should be approved. It is true that the milk was to be of "Government Standard," yet there might be reason why the vendee would be justified in refusing to accept it, though the sample disclosed the percentage of solids required by that test. Until the vendee agreed to take the milk of the quality which the vendor was prepared to sell, there was no completed contract.

An acceptance of an offer must be unqualified to be effective. If new conditions be added, unless they relate to immaterial matters, or are such as are implied in law (Morse v. Tillotson & Wolcott Co., 253 Fed. 340), no liability is created, and such was the situation here. This

was not a sale, subject to buyer's inspection (Sloan Corporation v. Linton, 260 Pa. 569), but the determination of the quality by the purchaser was a condition precedent to the formation of a definite understanding. The case falls squarely within the ruling of this court in Pa. Lubricating Co. v. Wilhelm, 255 Pa. 390, and it is unnecessary to repeat the reasoning there applied—a mere reference to that decision will suffice.

It is suggested the proposed vendor was in default in not submitting his samples. That is so, but it does not alter the situation. "Since there can be no contract without an offer and acceptance, the fact that the offerer by evasion prevents an acceptance of his offer will not cause a contractual relation to be established": 13 C. J. 294. The learned court below was correct in the view taken, and properly sustained the statutory demurrer.

Attention may be called to the pleadings here filed,—not as affecting the determination reached, but to indicate the practice which should be observed in like cases. A statutory demurrer was interposed, whereupon a rule for judgment for want of a sufficient affidavit of defense was entered. Section 20 of the Practice Act of May 14, 1915, P. L. 483, provides in part: "The defendant in the affidavit of defense may raise any question of law, without answering the averments of fact in the statement of claim; and any question of law, so raised, may be set down for hearing, and disposed of by the court." A substitute has thus been provided for the common law demurrer, and the like method of determining the legal proposition involved should be followed. "When the defendant has filed his demurrer, he should serve a copy on the other side, and order it down on the next argument list": 1 Brewster's Practice 1102.

Obviously, a rule for judgment for want of a sufficient affidavit of defense is improper. No judgment could be entered, though the court was of the opinion that the position taken by the defendant in his pleading was not sustained, since, in such event, the defendant is neces-

sarily given an opportunity to file, within fifteen days, a supplemental affidavit of defense to the averments of fact of the statement: Shifferstine v. Sitler, 264 Pa. 290. On the other hand, if the demurrer is well taken, judgment is not properly entered for the defendant on such rule, and the court is justified only in discharging it. As the argument upon the rule raises the legal proposition suggested in the statutory demurrer, the practice has been to enter judgment for the defendant when his position is upheld. It is suggested that this is not the procedure directed by the Practice Act.

The judgment is affirmed.