## Hannock v. Tope and Tope, Appellants.

*Contracts—Real estate—Sale of real estate—Agreement of sale —Failure to complete—Refund of money paid on account—Affidavit of defense.*

In an action of assumpsit, to recover part of money paid on account of purchase of real estate, it appeared that the vendee had paid $50 at the time of the signing of the agreement, and later, on account, an additional sum of $250. The agreement of sale provided that should the party of the first part (vendor) fail to give title, he should return to the party of the second part (vendee) the amount paid by her, on account of the said purchase, and that in case settlement was not made by the purchaser within the time specified, the agreement should become null and void, and that the sum of $50, paid on account of the signing of the agreement, should be retained by the seller and become his absolute property as liquidated damages, and that all copies of the agreement should be delivered to a specified person for cancellation.

In such case, the court did not err in refusing to enter judgment in favor of the defendant, on the ground that the statement of claim did not set forth a good cause of action.

*Practice, C. P.—Affidavit of defense in nature of demurrer—Allowance of supplemental affidavit of defense—Act of May 14, 1915, P. L. 483 (Practice Act).*

Where an affidavit of defense makes no denial of the facts contained in the statement, but simply raises questions of law, the court cannot, on finding the questions of law in favor of the plaintiff, enter a summary judgment in his favor, but must give the de-

fendant an opportunity to file a supplemental affidavit of defense to the averments of fact in the statement, within fifteen days, in accordance with section 20 of the Act of May 15, 1915, P. L. 483 (Practice Act).

Argued December 20, 1920. Appeal, No. 351, Oct. T., 1920, by defendants, from judgment of C. P. No. 3, Philadelphia County, June T., 1920, No. 7624, in favor of plaintiff on pleadings in case of Julia Hannock v. John Herman Tope and Margaret J. Tope. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit to recover money paid on account of the sale of real estate.

The facts are stated in the opinion of the Superior Court.

The defendant, without answering the averments of fact in the statements of claim, filed an affidavit of defense raising certain questions of law. The court entered judgment for plaintiff, without giving the defendant an opportunity to file a supplemental affidavit of defense. Defendant appealed.

*Error assigned* was the judgment of the court.

*Jacob Weinstein,* and with him *Joseph Moss,* for appellants.

*William I. Stanton,* for appellee.

OPINION BY PORTER, J., July 14, 1921:

The plaintiff in this action of assumpsit seeks to recover a part of the money paid under a contract relating to a contemplated purchase by her of certain real estate. The contract was in writing and a copy thereof was attached to and made part of plaintiff's statement. The defendants without answering the averments of fact in the statement of claim, filed an affidavit of defense rais-

ing certain questions of law. The court below entered judgment against the defendants for want of a sufficient affidavit of defense. The defendants appeal and assign this action of the court for error.

The statement of claim filed by the plaintiff averred that she had on May 14, 1920, the date of the execution of the written contract in question, paid to the defendants the sum of $50 as by the agreement required; that she had on May 18, 1920, paid an additional sum of $250, pursuant to the terms of the contract; that she had been unable to comply with the other terms of said agreement and to make settlement for said premises on the date specified by the contract, of which defendants were notified, and that under the terms of the contract she was entitled to recover the sum of $250, which she had paid as an additional deposit. The written agreement, which was a part of the statement, was certainly peculiar in its terms. In its opening paragraph the defendants agreed to sell and convey and the plaintiff agreed to purchase a house and lot on 50th Street, Philadelphia, for the price of $5,200, $50 to be paid in cash on the signing of the agreement; settlement to be made on or before June 28, 1920, when the balance of the cash purchase money was to be paid. Another paragraph required the purchaser, this plaintiff, to pay an additional deposit of $250, on account of the agreement, on or before Tuesday, May 18, 1920, that is, prior to the date of settlement. But while the opening paragraphs of the agreement seem to indicate that the parties really intended to enter into an agreement for the sale and purchase of the land, when they came to provide for the details of the execution of the contract they introduced the following covenants which absolutely changed its whole nature: "It is hereby mutually understood and agreed......that should the party of the first part fail to give such title, he will return to the party of the second part the amount paid by her on account of the said purchase, in lieu of all claims for damages or otherwise and this agreement

shall become null and void.  It is further understood and
agreed that in case settlement is not made by the pur-
chaser within the time herein specified, this agreement
shall become null and void and the said sum of $50 paid
on account of the signing of this agreement......shall
be retained by the seller and become his absolute prop-
erty as liquidated damages for the breach of this agree-
ment; and all copies of this agreement shall be delivered
to Richard J. Seltzer for cancellation." These cove-
nants reduce this agreement to a mere option, or some-
thing less than an option, for neither seller nor buyer
became bound: Yerkes v. Richards, 153 Pa. 646; Heck-
man's Est., 236 Pa. 193; McHenry v. Mitchell, 219 Pa.
297; Verstein v. Yeaney, 210 Pa. 110.  The defendants
did not become bound to convey, but in case they failed
"to give such title," (not merely in case they were un-
able to give the title), all that they were required to do
was to return any amount which they had received on ac-
count of the purchase money.  In case the plaintiff, the
purchaser, did not make settlement within the time
specified, the agreement was to become null and void,
and all copies of it were to be delivered to Seltzer for
cancellation, and the defendants were to retain the $50,
the cash payment made on the signing of the agreement,
as liquidated damages.  The agreement in language
which was clear, precise and unequivocal defined the re-
sults which must follow the failure of the plaintiff to
make settlement at the time specified, to wit, the agree-
ment was not only to become null and void but all copies
of it were to be delivered to a person named for the pur-
poses of cancellation; and the $50 which the plaintiff had
paid at the time the agreement was signed was to become
the absolute property of the defendants.  The agreement
amounted to nothing more than a covenant that the
plaintiff should presently pay $50, should a few days
later pay an additional $250, and that on or before the
28th of June the parties would make up their minds
whether or not they wished to close the transaction,

upon the terms indicated by the opening paragraphs of the agreement, and that if the seller at that time did not wish to close the transaction he should return to the purchaser any money that she had paid, and that was to be the end of the matter, but if the purchaser did not, at the time fixed for settlement, wish to complete the transaction, the seller should retain the $50 cash payment, and that should be the end of the matter. The $50 which the plaintiff paid at the time the agreement was signed was the only property which was in any manner imperiled, or the ownership of which was necessarily changed, under the terms of the agreement. The parties seem to have been fully aware that no substantial rights were acquired under the agreement for "it is expressly agreed that it (this paper) is not to be construed as an instrument entitled to record under the recording acts; and that it shall not, under any circumstances, be recorded." The court below did not err in refusing to enter judgment in favor of the defendants, upon the ground that the statement of claim did not set forth a good cause of action.

The court below did fall into error, however, in entering judgment in favor of the plaintiff. The 20th section of the Act of May 15, 1915, P. L. 483, gave defendants the right to raise any question of law, by their affidavit of defense, without answering the averments of fact in the statement of claim. The section of the statute in question provides: "If the court shall decide the question of law, so raised against the defendant, he may file a supplemental affidavit of defense to the averments of fact in the statement within fifteen days." The court below having decided the question of law against the defendants should have allowed them fifteen days within which to file a supplemental affidavit of defense: Shifferstine v. Sitler, 264 Pa. 290.

The judgment is reversed and the record is remitted to the court below with direction to modify the order and permit defendants to file an affidavit of defense within fifteen days.