## Lehigh Valley National Bank v. Craig.

*Practice, C. P. — Plaintiff's statement — Statutory demurrer — Rule for judgment.*

A judgment had been opened and the plaintiff, in his statement of claim, then declared upon a promissory note for which the judgment was given as collateral. Defendant filed an affidavit of defence, evidently intended as a statutory demurrer or an affidavit of defence raising questions of law. Plaintiff entered a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence: Held, that the case should have been set down for argument upon a demurrer, or if plaintiff desired to test its sufficiency in form, upon a motion to strike off the statement. Hence, the rule was discharged.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lehigh Co., June T., 1919, No. 304.

*Adams Dodson,* for plaintiff and rule; *H. C. Cope,* for defendant.

Reno, J., Dec. 18, 1922.—The judgment entered to this number and term upon a confession of judgment signed by Joseph R. Craig and Addie I. Craig, his wife, having been opened as to Addie I. Craig (see Lehigh Valley National Bank *v.* Craig, 10 Lehigh Co. L. J. 8), plaintiff has filed a statement of claim. Instead of declaring upon that note upon which the judgment was entered, plaintiff bases its right to recovery upon another note; that is, a promissory note for which the judgment note was given as collateral. The defendant has filed an affidavit of defence, which, although not specifically called a "statutory demurrer" or an "affidavit of defence raising questions of law for the decision of the court," is evidently intended as such, raises only one question, namely, whether the action can be maintained upon the promissory note? Plaintiff entered a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, and now urges us to enter judgment for it upon the ground that *(a)* if the affidavit was intended as a defence to the merits, it is insufficient because it fails to deny specifically the allegations of plaintiff's statement; and *(b)* if intended as a statutory demurrer, it is bad because it is a speaking demurrer, in that the facts concerning the judgment note are therein alleged.

Unquestionably the affidavit of defence is a speaking demurrer; "that is, one which alleges new matter, in addition to that contained in the *narr,* as a cause for demurrer:" Bovaird *v.* Barrett, 78 Pa. Superior Ct. 68, 71. But that circumstance does not permit us to enter judgment for plaintiff for want of a sufficient affidavit of defence: Shifferstine *v.* Sitler, 264 Pa. 290; Hutchinson *v.* Marvel, 270 Pa. 378. The case should have been set down for argument upon the demurrer, or, if plaintiff desired to test its sufficiency in form, upon a motion to strike off the demurrer: Rhodes *v.* Terheyden, 272 Pa. 397, 401.

In these circumstances, we should confine ourselves to a discharge of the pending rule, but, in order to save time and further argument, we shall regard the case as having been set down for argument upon the demurrer, and, having determined that the demurrer cannot be sustained, enter the appropriate order. We realize that this disposition of the case does not solve the real controversy between the parties (namely, whether plaintiff's action should be upon the judgment note or upon the note for which the judgment is collateral), but that question we must decline to decide until such time as it is properly raised.

Now, Dec. 18, 1922, rule for judgment for want of a sufficient affidavit of defence is discharged; the questions of law raised by the affidavit of defence

for the decision of the court are not sustained, and the defendant is required to file affidavit of defence within fifteen days after the service upon her of a copy of this order.

From James L. Schaadt, Allentown, Pa.