## Jessup & Moore Paper Co. v. Bryant Paper Co.

*Sales—Executory contracts—Mutuality.*

1. A reservation by one of the parties of a right to cancel the contract renders it void for want of mutuality, so far as it is executory.

2. Plaintiff agreed to sell defendant during the year 1921 one hundred and fifty to two hundred tons per month, at seller's option, of bleached soda pulp, the price to be fixed by the seller on the last day of each month for the succeeding month. The contract further provided that the buyer, upon receipt of notice of the price, if it was unsatisfactory, might submit to the seller a *bona fide* offer of a pulp manufacturer, admitted by both seller and buyer to be responsible, to furnish the buyer the same quantity of soda pulp during the ensuing month at a lower price. If the buyer did not submit such offer the price named by the seller was to be binding upon both parties during the month involved. If, however, the price submitted in such offer were lower, the seller was to have the right to substitute the price so submitted instead of the price fixed by him, and, if so substituted, both parties were bound thereby; if not accepted by the seller, the buyer was to be at liberty to accept the proposal of such pulp manufacturer for the ensuing month's supply. Each shipment under the contract was to be considered as a separate contract, and default on one or more shipments was not to invalidate the rest of the contract. In an action by seller against buyer to recover damages for breach of contract in rejecting deliveries: *Held*, that as plaintiff could escape the duty of performance by naming an arbitrary price, by declining to admit the responsibility of a pulp manufacturer who submitted a lower price, or by declining to sell at the price fixed in the lower proposal, the agreement was evidently designed to bind defendant to accept deliveries, but to leave the performance by plaintiff optional, and, hence, the contract lacked mutuality; and judgment for defendant *n. o. v.* was entered.

Exceptions to the verdict of the trial judge. C. P. No. 5, Phila. Co., March T., 1922, No. 364.

*Charles S. Wesley*, for plaintiff; *Thos. Raeburn White*, for defendant.

MARTIN, P. J., Nov. 6, 1924.—Suit was instituted by plaintiff, the Jessup & Moore Paper Company, against the Bryant Paper Company, the defendant, to recover damages for a breach by defendant of an alleged contract to accept deliveries of paper pulp manufactured by plaintiff.

Counsel entered into a stipulation to try the case before the President Judge of this court without a jury. It was stipulated if the trial judge entered a verdict for defendant, he should, within the time prescribed by law, enter judgment in defendant's favor, subject to plaintiff's right to appeal; but if he rendered a verdict for plaintiff, he should award damages in such amount as should be determined in a further hearing after testimony was adduced by plaintiff and defendant; and upon ascertainment of plaintiff's damages by the trial judge, he should in due course enter judgment thereon, subject to appeal, at the option of either party.

After the presentation of evidence, a verdict was rendered by the trial judge in favor of plaintiff.

Forty-three exceptions were filed by defendant, which raise the question of the legality of the contract that is the basis of the suit. It is contended by defendant that, so far as the contract was executory, it cannot be enforced, that it lacks mutuality.

The evidence of the alleged contract is contained in a letter written by plaintiff, presenting a proposition which was accepted by defendant. The plaintiff agreed to sell to defendant during the year 1921 one hundred and fifty to two hundred tons per month, at seller's option, of bleached soda pulp, the price to be fixed by the seller on the last day of each month for the succeeding month. There was a provision that permitted the buyer, upon receipt of notice of this price, if it was unsatisfactory, to submit to the seller a *bona*

*fide* offer from a pulp manufacturer, admitted by both the seller and the buyer to be responsible, to furnish the Bryant Paper Company one hundred and fifty to two hundred tons of bleached soda pulp during the ensuing month at a lower price. If the buyer did not submit such offer from a pulp manufacturer, the price named by the seller was to be binding upon both parties during the month involved. If, however, the price submitted in such offer was lower, the seller was to have the right to substitute the price so submitted instead of the price fixed by the seller, and if so substituted, both parties were bound thereby. If not accepted by the seller, the buyer was to be at liberty to accept the proposal of such other pulp manufacturer for the ensuing month's supply, and was not to be bound during that period to accept deliveries from the Jessup & Moore Paper Company.

It was further provided that each shipment under this contract was to be considered as a separate contract, and default on one or more shipments should not invalidate the rest of the contract.

The plaintiff, who is now suing for enforcement of the contract, was not under any legal liability to perform. There was no consideration except the mutual promises of the parties indicated by the proposal and acceptance.

Fixing the price rested with the plaintiff, and it was not to be fixed by any certain standard, such as market price or cost of production, but rested on the will or caprice of the seller.

In Weston Paper Manuf. Co. v. Downing Box Co., 293 Fed. Repr. 725, the contract was held invalid for uncertainty and lack of mutuality where the price was to be the seller's market price.

It was contended on behalf of plaintiff that this case should be distinguished, in that the Bryant Paper Company, by securing offers from responsible manufacturers, could avoid being compelled to accept the plaintiff's price; but fixing the price in the first instance rested solely with the plaintiff.

It has been held that where a contract of sale provides that the quantity of the goods sold rests with one of the parties, it is void for want of mutuality: Cold Blast Transportation Co. v. Kansas City Bolt and Nut Co., 114 Fed. Repr. 77; and there would seem to be no real difference between the uncertainty and want of mutuality arising where the quantity is to be named by one of the parties and a case where the price is to be fixed by one of the parties.

The clause permitting defendant to submit offers from manufacturers, admitted by both the sellers and buyers to be responsible, required that the offers must be admitted to be responsible by the seller. There is no other standard by which the responsibility of the manufacturers making the offer was to be measured. In the absence of such an admission by the seller, which might be arbitrarily withheld, no offer could be made which would bind the seller.

If the price submitted by the seller should be unsatisfactory to the buyer, and other better offers from admittedly responsible manufacturers were made, the seller was under no obligation to perform under the contract; it was optional with the seller to accept the other offer or reject it. It was urged by counsel for plaintiff that there may be contracts in which performance is optional with one party and the other party bound to perform, but in such cases there must be an independent consideration passing from the one who holds the option; and a promise to perform, where the only consideration for performance is an option to perform by the other, lacks a good or valuable consideration, there being no binding agreement to perform by the one holding the option.

Plaintiff could escape the duty of performance under the terms of this contract by naming an arbitrary price, by declining to admit the responsibility of a pulp manufacturer who submitted a lower price, or by declining to sell at the price fixed in the lower proposal.

There would seem to be no real difference between an express reservation of a right to cancel a contract and the right to avoid performance, which is in effect a cancellation under the powers that were reserved in this contract. Reservation by one of the parties of a right to cancel a contract renders it void for want of mutuality, so far as it is executory: Iron City Laundry Co. v. Leyton, 55 Pa. Superior Ct. 93; Velie Motor Car Co. v. Kopmeier Motor Car Co., 194 Fed. Repr. 324; Ellis v. Dodge Bros., 237 Fed. Repr. 860.

The general rule expressed in 13 Corpus Juris, 331, is that "Mutuality of obligation is an essential element of every enforceable agreement. Mutuality is absent when one only of the contracting parties is bound to perform and the rights of the parties exist at the option of one only:" Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 380.

This contract was designed to bind defendant to accept deliveries of the soda pulp as provided by the contract, but to leave performance by plaintiff optional. So far as it is executory, the contract is without consideration and lacks mutuality.

Notice of cancellation of the contract by defendant and refusal to perform was given to the plaintiff prior to naming of the prices which are the basis of the recovery sought in this suit.

Findings of fact were filed by the trial judge, and the verdict was rendered in favor of plaintiff.

And now, to wit, Nov. 6, 1924, the 33rd, 34th, 35th, 36th, 38th, 40th, 41st, 42nd and 43rd exceptions are sustained and the other exceptions are dismissed, and it is ordered that judgment n. o. v. be entered in favor of defendant.