## Parrish & Co. v. Bacon, Jr.

*Practice, C. P.—Affidavit raising question of law—Matters of defence—Act of May 14, 1915.*

1. Under the Act of May 14, 1915, P. L. 483, a fact of pure defence, first suggested in an affidavit of defence raising a question of law, cannot be accepted as proven so as to justify the entry of judgment in favor of the defendant.

2. The court may enter judgment in such case in favor of the defendant ónly where the question of law arises out of facts averred in the statement of claim.

3. Where the statement of claim of the plaintiff makes out a *prima facie* case, he cannot be turned out of court on demurrer, even though he may claim more damages than he will be ultimately entitled to recover.

*Brokers — Sale of stock — Refusal of principal to deliver — Measure of damages.*

4. Where a broker has sold stock and his principal has refused to deliver it, the broker has a cause of action against his principal, and the measure of damages is the difference between the price at which the broker bought to cover and the price at which the stock was sold.

*Sales—Sales Act of May 19, 1915—Constitutional law.*

5. The Sales Act of May 19, 1915, § 4, P. L. 543, in so far as it related to shares of stock of a corporation, such shares being choses in action, was unconstitutional. But see note *infra*, page 121.

Affidavit of defence raising questions of law. C. P. Montgomery Co., Nov. T., 1924, No. 112.

*Larzelere, Wright & Larzelere,* for plaintiffs; *Geo. C. Corson,* for defendant.

WILLIAMS, J., May 22, 1925.—And now, this 22nd day of May, 1925, upon due and full consideration of all the questions of law raised in the affidavit of defence, after listening to the oral arguments made by counsel for both the plaintiffs and the defendant and reading the brief submitted by counsel for the plaintiffs—no statement of the points in controversy or brief of authorities having been submitted, as required by Rule 25, on the part of counsel for the defendant (see Hoopes Brothers and Thomas Co. *v.* McMenamin, 39 Montg. Co. Law Repr. 309 (1923), page 310; and Com. *v.* Symington, 41 Montg. Co. Law Repr. 33 (1925), page 40)—and following long reflection and mature deliberation, the court being of opinion: ·

First: A. That, while the Practice Act 1915 (Act of May 14, 1915, P. L. 483-7), section 4, P. L. 483, in the first sentence, abolished demurrers and, in the second sentence, said that questions of law theretofore raised by demurrer should be raised in the affidavit of defence, as provided in section 20, P. L. 486, this did not mean that a fact of pure defence, first suggested in an affidavit of defence raising a question of law, could be so accepted proven and treated true as to justify the entry of judgment in favor of the defendant;

*B.* That, although section 20, *supra*, provided, in the first sentence, that the defendant, in the affidavit of defence, without answering the averments of fact in the statement of claim, might raise any question of law and that any question of law, so raised, might be set down for hearing and disposed of by the court and, in the second sentence, that, if, in the opinion of the court, the decision of such question of law disposed of the whole or any part of the claim, the court might enter judgment for the defendant, or make such order as might be just, the court may enter judgment in favor of the defendant only where the raised question of law arises out of facts averred in the statement;

*C.* That, under section 20, *supra*, the only situation which justifies the entry of judgment in favor of the defendant is one wherein the facts averred by the plaintiff, even if every one were fully established at trial, would still fail to make out a case against the defendant and would inevitably compel the entry by the court of a compulsory non-suit; and

*D.* That, therefore, since matters of substantive defence must be proven, it would be error to enter judgment for the defendant upon his affidavit of defence merely because the plaintiffs, in their statement of claim, did not affirmatively allege that they had complied with the provisions of the Act of June 28, 1917, P. L. 645-6 (See Stephen On Pleading, Ninth American Edition, Heard, page 62; Jackson et al. *v.* Myers, 260 Pa. 488 (1918), Walling, J., page 491; Shifferstine *v.* Sitler, 264 Pa. 290 (1919), Kephart, J., page 292; Feldgus *v.* Friedman et al., 269 Pa. 60 (1920), Moschzisker, J.; Scranton A. and S. Co. *v.* Scranton Board of Trade, 271 Pa. 6 (1921), Walling J., page 8; Lamb *v.* Condon et al., 276 Pa. 544 (1923), Sadler, J.; Stein and Samson *v.* Slomkowski 74 Pa. Superior Ct. 156 (1920), Keller, J., pages 159-61; Hannock *v.* Tope and Tope, 77 Pa. Superior Ct. 101 (1921), Porter, J., page 105; Bovaird *v.* Barrett & Son, 78 Pa. Superior Ct. 68 (1921), Keller, J., pages 70-71; Teller & Co. *v.* American Ry. Express Co., 78 Pa. Superior Ct. 300 (1922), Keller, J., page 302; Auto Security Co. *v.* Mickens, 80 Pa. Superior Ct. 462 (1923), Trexler, J., page 468; Skinner *v.* Undergust, 3 D. & C. 569 (1923), Wickersham, J. (12th district, Dauphin County), pages 571-2; Harvey, trading, etc., *v.* Salisbury Auto Co., 4 D. & C. 320 (1923), Berkey, P. J. (16th district, Somerset County); Hower *v.* Brouse, 4 D. & C. 447 (1923), Potter, P. J. (17th district, Snyder County), pages 447-8; and Sweet, Orr & Co., Inc., *v.* Ferris Brothers, 4 D. & C. 480 (1923), Prather, P. J. (30th district, Crawford County), pages 481-2);

Second: *A.* That, where a broker has sold stock and his principal has refused to deliver it, the broker has a cause of action against his principal and the measure of damages is the difference between the price at which the broker bought to cover and the price at which the stock was sold; and

*B.* That, where the statement of claim of the plaintiff makes out a *prima facie* case, he cannot be turned out of court on demurrer, even though he may claim more damages than ultimately he will be entitled to recover (See Maitland *v.* Martin, 86 Pa. 120 (1878), Mercur, J., page 125; Scranton A. and S. Co. *v.* Scranton Board of Trade, *supra*, pages 9-10; Mitchell Co. *v.* Hartsell Mills Co., 276 Pa. 439 (1923), Schaffer, J., page 452; Schleicher *v.* Hunsicker, 4 D. & C. 309 (1923), Reno, J. (31st district, Lehigh County), page 310; Bibb *v.* Allen, 149 U. S. 481 (1893), Jackson, J., pages 498-9; Clews *v.* Jamieson, 182 U. S. 461 (1901), Peckham, J., pages 484 and 488-491; In re Lathrop, Haskins & Co., 216 F. 102 (1914), Rogers, J. (C. C. of A., 2nd circuit), page 104; Gettys *v.* Newburger, 272 F. 209 (1921), Sanborn, J. (C. C. of A., 8th circuit), page 220; Sistare *v.* Best, 88 N. Y. 527 (1882),

Parrish & Co. v. Bacon, Jr.

Andrews, Ch. J.; Zimmermann v. Weber, 120 N. Y. Supp. 483 (1909), Houghton, J. (S. C., A. Dic., 1st department), page 485; Searing et al. v. Butler et al., 69 Ill. 575 (1873), Sheldon, J., pages 579-80; Dozier v. Davison & Fargo, 74 S. E. Repr. 1086 (1912), Hill, J. (S. C. of Ga.), pages 1087-8; Bailey v. Carnduff, 59 Pac. Repr. 407 (1899), Bissell, P. J. (C. of A. of Colo.), pages 407-8; and Bank of Bisbee v. Graf, 100 Pac. Repr. 452 (1909), Campbell, J. (S. C. of Ariz.); and

Third: That the Sales Act (Act of May 19, 1915, P. L. 543-66), section 4, P. L. 543-4, in so far as it relates to shares of stock in a corporation, such shares being choses in action, is unconstitutional (See Guppy v. Moltrup, 281 Pa. 343 (1924), Simpson, J., pages 345-8); each of the questions of law raised in the affidavit of defence is decided against the defendant, who, within fifteen days, may file a supplemental affidavit of defence to the averments of fact in the statement of claim.

From Aaron S. Swartz, Jr., Norristown, Pa.

NOTE.—The defect in the title of the Sales Act of May 19, 1915, P. L. 543, was cured by the Amendment of April 27, 1925, P. L. 310, and section 4 thereby validated.