Commonwealth of Pa. to Use v. Auto. Banking Corp. et al., Appellants.

Argued November 10, 1931.

Before Trexler, P. J., Keller, Linn, Gaw-
throp, Cunningham, Baldrige and Stadtfeld, JJ.

*Guy K. Bard,* and with him *A. E. Hurshman,* for
appellant.

*Chas. W. Eaby,* for appellee.

OPINION BY STADTFELD, J., December 11, 1931:

This was an action of assumpsit brought in the name of the Commonwealth of Pennsylvania for the use of Harvey Mentzer against the Automobile Banking Corporation and the American Surety Company of New York, on a replevin bond given by Automobile Banking Corporation with American Surety Company as surety.

The case arises out of an action of replevin brought wherein the Automobile Banking Corporation was plaintiff, and Harvey Mentzer was the defendant, to recover possession of a number of automobiles which had been levied upon by Mentzer under a landlord's warrant for rent alleged to be due him. In this action, the plaintiff filed a bond with the American Surety Company of New York as surety. No counter bond was filed, and the automobiles were delivered to plaintiff.

The plaintiff in the replevin filed its statement whereupon the defendant in the same suit filed his affidavit of defense, claiming that he had a lien on said automobiles for rent in arrears by virtue of said landlord's warrant, and asked for a conditional verdict for the amount due him for rent and the costs of the landlord's warrant. The replevin suit came on for trial, and a verdict was rendered in favor of the Automobile Banking Corporation, plaintiff, and against Harvey Mentzer, defendant, "conditional upon the latter receiving $15, January rent, and costs of landlord's bond, $7.60, total, $22.60." The costs were taxed in said case, and amounted to $78.95.

The Automobile Banking Corporation and the American Surety Company, defendants in the present suit, according to the statement filed, refused to pay the conditional verdict and the costs therein, but tendered to the use-plaintiff the amount of the conditional verdict, to wit, $22.60, which tender was refused on the

ground that the Automobile Banking Corporation was liable not only for the amount of the conditional verdict, but also for the costs taxed therein. Thereupon this action was brought on the bond given by plaintiff in the replevin suit.

To this statement an affidavit of defense, raising question of law, was filed, claiming that the statement was insufficient in law for the reason that in the replevin suit the verdict was in favor of the plaintiff, the Automobile Banking Corporation, and that the costs follow the verdict, and that the same should be paid by Harvey Mentzer, the defendant in said suit.

No disposition as to the payment of the costs had up to this time been made by the court in the replevin suit.

The court overruled the statutory demurrer, and entered judgment in favor of plaintiffs, and against the defendants in the sum of $101.55, the total amount claimed. The right to enter this judgment is the question raised in this case.

Section XX of the Practice Act of 1915 provides:

...... "If the court shall decide the question of law so raised against the defendant, he may file a supplemental affidavit of defense to the averments of fact of the statement within fifteen days."

This section has been construed, both by this court and the Supreme Court, in Hennock v. Tope, 77 Pa. Superior Ct. 101; Shifferstine v. Sitler, 264 Pa. 290.

In the case last referred to, the court, speaking through Mr. Justice KEPHART, said:

"Unlike the former practice an absolute judgment cannot be entered against the defendant, but merely a judgment requiring him to answer over or a judgment of respondeat ouster. There can be no misunderstanding as to the meaning of the section when questions of law alone are raised; the court has no option as to its enforcement, but is obliged to give the de-

fendant the time mentioned within which to file his supplemental affidavit.''

The court therefore erred in overruling the statutory demurrer by entering judgment in favor of plaintiff.

On October 31, 1931, subsequent to the filing of the certiorari from the Superior Court on August 4, 1931, according to appellee's paper book, the court below, on realizing that error had been made in so entering judgment in favor of plaintiff, modified the judgment entered against the defendants so as to permit them to file a supplemental affidavit of defense within fifteen days. This order cannot, of necessity, appear in the record certified to this court, and cannot be considered in disposing of this appeal, as the rights of the parties must be determined from the record. The court below was without power to change its order after the appeal had been taken: Swartz v. Biben, 87 Pa. Superior Ct. 270; Com. v. Media Title and Trust Co., 103 Pa. Superior Ct. 227.

The assignments of error must therefore be sustained.

While this case goes back for further proceedings, we may call attention to Section 6 of the Replevin Act of 1901, which provides as follows:

...... ''if any party be found to have only a lien upon said goods and chattels, a conditional verdict may be entered, which the court shall enforce in accordance with equitable principles.''

As hereinbefore stated, it does not appear that the court ever disposed of the liability for payment of costs. The action upon the bond was therefore premature, at least insofar as the collection of costs is concerned.

The judgment is reversed, and the record is remitted to the court below with direction to modify the order, and permit defendants to file an affidavit of defense within fifteen days.