## Commonwealth ex rel. Worner, Appellant, *v.* Worner.

Argued October 4, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Samuel Halbert,* for appellant.

*Herman H. Yaffe,* for appellee.

OPINION BY GUNTHER, J., December 28, 1956:

This is an appeal by the wife from an order dismissing her petition for support.

Prior to their marriage on February 15, 1954, the parties had lived together for a number of years. In 1950, they secured a lease from the Pennsylvania Railroad in the name of Thomas P. Ford, a son of the wife by a former marriage, and proceeded to build a diner.

On March 1, 1954, the wife took charge of the business. She received the income, made disbursements, and kept all of the profits. The wife and the son, however, testified that the diner was operated solely by the son; that she received no income of the operation; and that the husband had no financial interest in it. The husband, on the other hand, testified that he did most of the work and invested most of the money in the project.

Credibility is the keystone in this case. The evidence given by the husband and wife, and the testimony of witnesses are irreconcilable at several basic points.

The issues before us in this appeal are whether the husband had good cause for leaving the marital abode and whether, under the attendant circumstances, the wife was entitled to an order providing for her sup-

port. The court below clearly found that the husband's testimony was more credible and refused an order. Our duty is to ascertain whether there is evidence to sustain the court's action in dismissing the petition.

After reading the record, we agree with the lower court that the wife was receiving a steady income from the diner; that it was constructed and paid for by the husband; and that because of indignities which she inflicted upon him, the husband's withdrawal from the abode was justified. There is sufficient testimony as to the conduct of the wife to furnish the husband with valid grounds for divorce. Her conduct, inter alia, was as follows:

She refused to allow her husband to use the automobile which was owned jointly; she tore off his clothes and threatened him with a carving knife; she threw canned goods at him; she refused him admittance to the home and told him to get out unless he turned over to her his entire check; she called him all kinds of vile names in the presence of customers; and forged his name to his Christmas Club check in the sum of $380.00. As a result of her course of conduct he had to be treated for a nervous condition.

We find that the testimony of the relatrix was contradicted by at least three disinterested witnesses. Alice Malandra, a waitress at the diner, testified that she was engaged by the wife who personally managed the place and had charge of all the receipts. Morris Salaman, a plumber, told the court that he was engaged by the wife, but that he was paid by the husband. Records of the Beneficial Savings Fund disclosed that three Christmas Fund accounts were maintained in the name of the wife, and that in October, 1955, she received two checks from the fund and opened an account in the name of "Spurgeon Ford," in trust for Thomas

P. Ford, a son by a former marriage. The husband produced numerous checks as evidence of payment for materials used in the construction of the diner. He also testified that the earnings from the business were between $250.00 and $260.00 a month, all of which were retained by the wife. The testimony also shows that her address was Bridge Diner, 26th and Penrose Avenue, and that her occupation was "Prop. Diner."

The court below found that the income from the diner was received by the wife, and that this income and moneys accumulated were more than sufficient to support her.

We believe that the evidence supports the dismissal of the petition. A judge who sees and hears the witnesses in a case such as this is in a better position than we to decide the issue on its merits: *Commonwealth ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 57 A. 2d 720.

We feel that this is a case where the following rule is applicable: " 'Apart from the various circumstances which may bar or terminate the wife's right to separate maintenance, . . . it has been said generally that the equities of a particular case may be such as to justify the court, in the exercise of its discretion, in refusing to allow the wife separate maintenance.' " *Commonwealth v. Mercer,* 163 Pa. Superior Ct. 80, 60 A. 2d 572.

The conduct on the part of a wife entitling her husband to a divorce is legal cause justifying his refusal to support her: *Commonwealth ex rel. Udis v. Udis,* 174 Pa. Superior Ct. 624, 101 A. 2d 144.

On appeal from a dismissal of a petition to support, the function of the appellate court is to determine whether there is sufficient evidence to sustain the court below.

The court accepted as true the testimony of the husband, and it also found that the wife's conduct was of such nature that it gave the husband valid ground for divorce. *Commonwealth ex rel. Davidoff v. Davidoff,* 178 Pa. Superior Ct. 549, 115 A. 2d 892.

An examination of the record fully convinces us that the evidence was sufficient to support the lower court's dismissal of the wife's petition for support.

Order affirmed.