## Commonwealth ex rel. Podvasnik *v.* Podvasnik, Appellant.

Argued April 9, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

108 

*Dale T. Lias,* for appellant.

*Violet Podvasnik,* appellee, in propria persona.

OPINION BY WRIGHT, J., June 13, 1962:

This is an appeal by Lody Podvasnik from an order of the County Court of Allegheny County, entered October 9, 1961, requiring him to pay the sum of $10.00 per week for the support of his wife, Violet Podvasnik. The order must be reversed because it is not supported by the record. This was in effect conceded by the hearing judge, who belatedly attempted to vacate the order, as will hereinafter appear.

The parties were united in marriage on February 18, 1961, when Lody was eighteen and Violet twenty years of age. The marriage was opposed by Lody's parents, but the parties misrepresented their ages when the license was obtained. Immediately after the marriage, they went to live with Violet's mother in a one-bedroom apartment. Lody agreed to stay there only until May 1, 1961, when the lease was to expire. He wanted Violet to live with him in an establishment separate and apart from her mother. However, Violet and her mother, over Lody's objection signed a lease for another year. In this connection Lody testified as follows: "I was supposed to stay there for two months and then we were supposed to be by ourselves and they signed that lease and they want me to stay there another year and I wouldn't do it. I was there for awhile and I asked her to come with me and she wouldn't come and her mother is always fighting with me".

On or about July 1, 1961, Lody left the premises, Violet then went before an alderman and charged Lody with wilful neglect and failure to support. This case was dismissed upon payment of costs, and Lody went back to the apartment upon Violet's promise to go with him at the end of a week. When Violet refused to comply with this promise, Lody left again. Violet then instituted a second action before another alderman, which resulted in an indictment by the grand jury. When the case came on for trial in the quarter sessions court, it was certified to the county court for disposition.

At the hearing in the county court on October 9, 1961, Assistant District Attorney K. Leroy Irvis was present. The following colloquy occurred: "By Mr. Irvis (To Mrs. Podvasnik): Q. If your husband offers to provide you a place to stay, are you willing to move with him, away from your mother that is. It is his obligation to provide a roof over your head and his obligation to provide support for you. This is the law in Pennsylvania, but it is your obligation to go where he wishes you to go and it is not his obligation to remain with your mother. Are you willing to go with your husband if he provides a place for you to stay? A. No".

It is our view that the case should have been terminated then and there. This was apparently the original intention of the hearing judge, who proposed to find Lody not guilty and give him ninety days to pay the costs. However, Lody's attorney stated: "There isn't a possible thing he can do to pay the costs". He also suggested that his client should be protected from further prosecutions. The hearing then continued at some length. The following colloquy eventually occurred between Lody and the hearing judge: "Q. What do you think ought to be done? A. I am not going to move back with her mother. I can make enough to support us. Q. If you do you have to pay something

now. The taxpayers are supporting her now. A. I am paying attorneys and bondsmen. Q. From now on the taxpayers aren't supporting her. She is your responsibility. A. I am willing to take care of her. Q. Only if she lives with you? A. Yes". The order in question was finally entered by the hearing judge on the ground that Lody should "pay something until he gets a place for her to live". However, it clearly appears that Violet was unwilling to leave her mother. In fact the hearing judge stated: "Well, I can't see her ever living with you".

This appeal does not present any novel legal questions. It is simply our duty to determine whether there is sufficient evidence to sustain the order of the hearing judge: *Commonwealth ex rel. Lipschultz v. Lipschultz,* 179 Pa. Superior Ct. 527, 117 A. 2d. 793; *Commonwealth ex rel. Warner v. Warner,* 194 Pa. Superior Ct. 496, 168 A. 2d 755. The present record is replete with Violet's refusal to join Lody in a separate household. It is the duty of a wife to live with her husband in any home provided by him which is reasonably suitable according to his means: *Popovic v. Popovic,* 195 Pa. Superior Ct. 291, 171 A. 2d 608. Similarly, if the wife gives the husband good cause to leave the marital abode, an order of support will be refused: *Commonwealth ex rel. Worner v. Worner,* 183 Pa. Superior Ct. 58, 127 A. 2d 812. Although loath to reverse the order of a hearing judge in a support case, we have no alternative other than to do so on the present record.

After notice of this appeal had been served, the hearing judge vacated the order under consideration. It is error for the lower court to modify or reverse an order from which an appeal has been taken. A court of first instance cannot further proceed with a cause after it has been served with a writ of certiorari issued by an appellate court: *Harwood v. Bruhn,* 313 Pa. 337,

170 A. 144. "The practice, sometimes indulged in by lower courts, of modifying (except in matters of form) or reversing orders from which an appeal has been taken, and is pending, is disapproved": *Swartz v. Biben*, 87 Pa. Superior Ct. 270. See also *Commonwealth v. Media Title and Trust Co.*, 103 Pa. Superior Ct. 227, 157 A. 332; *Commonwealth v. Auto Banking Corp.*, 104 Pa. Superior Ct. 369, 157 A. 333; *Rodgers v. Tranter*, 110 Pa. Superior Ct. 84, 167 A. 481.

One other matter to be disposed of is the item of costs. We find no abuse of discretion in the direction by the hearing judge that the costs should be paid by the husband. Similarly, even though we are reversing the order below, the husband will be required to pay the costs of this appeal. Cf. *Commonwealth v. George*, 358 Pa. 118, 56 A. 2d 228.

Order reversed, appellant to pay the costs.