Opinion by
 

 Wright, J.,
 

 We are here concerned with an appeal from an orler of the court below awarding additional counsel
 
 *71
 
 fees to the wife in an action for divorce a.v.m. instituted by the husband. The record discloses the following situation:
 

 On January 29, 1962, the husband filed his complaint on the grounds of desertion and indignities to the person. The wife filed an answer and a petition for counsel fees. On April 19, 1962, the court below ordered payment of the sum of $150.00 on account of counsel fees. A master was appointed on May 31,1962, and testimony was taken at hearings on July 13, 1962, July 23, 1962, and August 13, 1962. The master’s report has not yet been filed.
 

 The instant proceeding had its inception in a petition filed by the wife on February 15, 1963, requesting additional counsel fees. After hearing testimony and argument, the court below, on June 28, 1963, ordered payment in the sum of $1,500.00, adding a proviso “that the within order shall not bar a further petition for additional counsel fees for services rendered to date by defendant-petitioner’s counsel in the event that the master’s report to be filed herein is in favor of the defendant-petitioner”. On July 18, 1963, the husband appealed to this court.
 

 The court below was thereafter without jurisdiction to proceed further with the cause:
 
 Commonwealth ex rel. Podvasnik v. Podvasnik,
 
 198 Pa. Superior Ct. 107, 181 A. 2d 843. And see
 
 Sowers Estate,
 
 383 Pa. 566, 119 A. 2d 60. Notwithstanding this fact, the record discloses that on August 16, 1963, upon the wife’s petition a rule was granted for additional counsel fees and costs, together with a rule to reopen the testimony. On September 25, 1963, the rule to reopen the testimony was made absolute. On September 27, 1963, an order was filed calling for the payment of $287.70 to the wife’s attorney, covering costs of printing on appeal.
 

 
 *72
 
 The wife’s attorney testified that, prior to the court’s order of June 28, 1963, he had worked on the case a total of 107 hours, for which he requested compensation at the rate of $20.00 per hour. He is an able and experienced member of the Delaware County bar, and we do not question the extent of his services or the value thereof. However, consideration must be given to the husband’s ability to pay, to the wife’s necessity, and to the extent of her separate estate:
 
 Shuman v. Shuman,
 
 195 Pa. Superior Ct. 155, 170 A. 2d 602. As stated in the
 
 Shuman
 
 case: “We must bear in mind that the award of counsel fees in a divorce case is not intended to be in full reimbursement for expenditures which the wife may be required to make in the employment of counsel. It should merely be sufficient in amount to prevent that denial of justice which is the main concern of the courts”.
 

 The financial statements in the record disclose that the husband is employed as a comptroller by the Burroughs Corporation at a gross monthly salary of $1,-350.00, which is subject to a withholding tax of $267.50 per month. He is presently paying the sum of $375.00 per month for the support of his wife and one child. The wife is employed as a payroll clerk by Nytranics, Inc., and receives a gross salary of $75.00 per week. The parties jointly own a dwelling in Watchung, New Jersey, in which the wife resides with the child. Their equity in this home is approximately $17,000.00.
 

 We have carefully examined this voluminous original'record. A detailed analysis would serve no useful purpose. It is our considered judgment that the award of additional counsel fees should be reduced to the sum of $1,100.00 which amount, together with the $150.00 originally ordered, is to cover all services of the wife’s attorney, including this appeal, up to the entry of a final decree in the court below. The husband is in addition to pay all costs.
 

 
 *73
 
 As
 
 thus
 
 modified, the order of the court below is affirmed.