Opinion by
Montgomery, J.,
In this appeal from an order awarding the appellee $15 per week for support from her estranged husband (appellant) the only issue is the bona fides of the appellant’s invitation to appellee to live with him in Philadelphia. The parties were married in Istanbul, Turkey, in 1955, at which time appellant was engaged in the maritime service as ship’s cook and messman. *544 His occupation remained tlie same from tlie time of the marriage until the time of the aforesaid order. Although he was at sea a great deal of the time, he established residence in New York for himself and wife in 1956 and lived there until March of 1962 when he went to Philadelphia to visit his relatives. While there he rented an apartment to which he invited appellee.
During the last two or three years that the parties resided together in New York their marriage had not been harmonious. During this period, even while not at sea, appellant occupied their apartment only occasionally and spent much of his time in Brooklyn. He declined to have sexual relations with his wife and told her he could nevermore be her husband because he did not care for her. Although he supplied her with $75 every two weeks from his wages, the minimum of which was $400 per month while at sea with the possible maximum of $200 per week, she was required to pay the rent of $79 plus utilities, or a total of $90 to $95 per month, as well as the other expenses of the household, which compelled her to seek employment as a baby sitter and maid. This employment enabled her to earn an average of $40 to $45 per week when employed. She always kept her husband advised of her whereabouts through notes she left for him, which indicated no estrangement on her part.
In March of 1962, while appellee was nursing a sick man, appellant left New York and went to Philadelphia without advising appellee. While in Philadelphia he communicated with her by phone and told her where he was and asked her when she would be home. She replied that she would be back home the following Tuesday, and he replied that they would see one another then. However, before that time arrived, he went back to New York and removed his clothing and personal belongings from the apartment. Subsequently he called her again and asked her to come to PMladel *545 pbia to live. She did not decline to do so but did tell him to come back home to talk about it. Thereafter they corresponded by mail. Her letter of April 14, 1962, questioned the bona fides of his invitation to come to Philadelphia, advised him of her condition of health,[1] and told him to come back home and he would be welcome.
Although a voluntary withdrawal by a wife from her husband without a legal cause will defeat her. right to support, Commonwealth v. Bachman, 108 Pa. Superior Ct. 422, 164 A. 833, and it is the duty of a wife to live with her husband in any home provided by him which is reasonably suitable according to his means, Commonwealth ex rel. Podvasnik v. Podvasnik, 198 Pa. Superior Ct. 107, 181 A. 2d 843, the selection of the home by the husband must be made in good faith, Greer v. Greer, 178 Pa. Superior Ct. 643, 115 A. 2d 794. Our review of this record leads us to the same conclusion reached by the lower court, that appellant’s offer of a home in Philadelphia was not made in good faith and sincerity. Therefore, no duty rested on her to uproot herself from home, job, and friends to follow her estranged and deserting husband to that city.
The fact that appellee placed new locks on the apartment in New York after her husband had removed therefrom deserves no consideration in the light of *546 overwhelming evidence that, at all times she was willing to live with him,, and asked only that he .consider her as a wife.
Order affirmed.
Ervin, J., dissents.

 “I have not the strength to move from one place to an other, tó do hard work by cleaning appts — first-—, I had enough troubles and fatigue when I liquided my appt: in Turkey to come here; second, the time and energy I spend to clean the appt and durty cellar of your house that you sold 4 years ego, then we moved where we are now, and when we moved, you left me do all the hard work and pack up everything by myself, the appart: was filthy and I worked hard to bring it in good shape, now I’m all set and I don’t think to move because I’m sick and tired. I have 180 blood pression and I’m not feeling well with my stomach. I even left the job this week one week before the time. I needed rest, I had too big emotions.”