**Demboski v. Demboski**

*Daniel E. Teeter*, for plaintiff.

*Oscar F. Spicer*, for defendant.

MacPHAIL, P. J., September 1, 1972.—In this mat-

ter, wife-defendant in a divorce action seeks counsel fees and expenses from husband-plaintiff. Previously, in a divorce action brought by the wife against her husband, February term, 1972, no. 46, we awarded alimony of $50 per week and counsel fees of $300 to the wife. The present cross-action was pending at that time, but no petition had been filed for counsel fees and expenses at that time.

The husband is and was a truck driver with a net take-home pay of about $260 per week. He lives in a mobile home which is over-financed and in which he presently has no equity. His estimated weekly expenses, including the alimony payments to his wife and $15 per week for the support of his child, exceed his income. He has no other assets of real value. He alleges and testified that he borrowed the money to pay his wife's counsel fees in the previous action. His financial situation has not improved since we entered the previous order.

At the time of the previous order, the wife was working but testified in this matter that she quit her job to accommodate her husband's visitation privileges with his child. Under all of the testimony on this point, we doubt that her action was necessary. At present, she has no income except her alimony payments.

In this situation, we are confronted by almost equally persuasive arguments. On the one hand, since we previously have given to the wife counsel fees and alimony based upon the circumstances existing at that time, which circumstances have not changed for the wife's benefit, we can hardly justify a further award. On the other hand, the husband, in pursuing his own divorce action, has required his wife's attorney to expend some additional effort on his wife's part.

Since counsel's additional effort should be minimal, since we must give consideration not only to the wife's necessity, but also to the husband's ability to pay (Wolfe v. Wolfe, 202 Pa. Superior Ct. 70 (1963)), and since we have this date signed an order consolidating the actions for a single hearing before the same master, we conclude that no allowance for fees and expenses should be allowed in the within matter. This order will not prevent the wife from seeking additional counsel fees and expenses in her own action should circumstances warrant the same: Yeagle v. Yeagle, 88 D. & C. 510 (1954).

## ORDER OF COURT

And now, September 1, 1972, the petition for counsel fees and expenses is denied.